# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAMANTHA KEEN, | Case No. 2:19-cv-00561-RFB-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| NANCY A. BERRYHILL, Commissioner of Social Security Administration, | |
| Defendant. | |

## I.   INTRODUCTION

Before the Court is Plaintiff Samantha Keen's Motion for Remand, ECF No. 11 and Defendant Nancy A. Berryhill's Cross-Motion to Affirm, ECF No. 18.

For the reasons discussed below, the Court finds that the ALJ's opinion is not supported by substantial evidence and contains legal error that is not harmless. Therefore, the Court grants Plaintiff's motion and remands to Defendant for an award of benefits.

## II.   BACKGROUND

On August 19, 2014, Plaintiff filed her application for disability insurance benefits alleging disability since July 8, 2013. AR 274-75. Plaintiff's application was initially denied and upon reconsideration. AR 205-08, 212-14. Plaintiff then requested and attended a hearing before an Administrative Law Judge ("ALJ"). AR 134-63. On May 22, 2018, the ALJ found Plaintiff not disabled within the meaning of the Social Security Act. AR 35-43. The Appeals Council denied Plaintiff's request for review on January 28, 2019, rendering the ALJ's decision final. AR 1-7. On April 3, 2019, Plaintiff timely sought judicial review pursuant to 42 U.S.C. Section § 405(g). ECF No. 1.

The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date of July 8, 2013 through her date last insured of December 31, 2017. AR 37. At step two, the ALJ found that Plaintiff has the following impairments: Lyme disease, chronic fatigue syndrome, Epstein Barre Disease, Ehler Danlos syndrome, migraine headaches, and peripheral neuropathy. AR 37-39. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 39.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the requirements of her past relevant work pursuant to 20 CFR § 404.1520(f). The ALJ found that Plaintiff can lift and carry ten pounds occasionally, five pounds frequently, stand and/or walk for two hours in an 8-hour workday, and sit for six hours in an 8-hour workday. AR 41-42. The ALJ also found that she was unable to climb ladders, ropes or scaffolds; was able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; and needed to avoid work at heights or around dangerous moving machinery. Id. Based on this RFC, the ALJ found at step four that Plaintiff can perform her past relevant work as an account clerk, night auditor, office manager, and as a retail administrative assistant. AR 42-43.

### III.   LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step four, as the ALJ found that the Plaintiff was capable of performing her past relevant work. AR 42.

## IV. DISCUSSION

### a. Medical Evidence Opinions

#### 1. Consultative Examiner Dr. Maria Doncaster

Plaintiff claims the ALJ improperly gave little weight to Dr. Doncaster's finding that Plaintiff would be limited to unskilled work, and that the ALJ failed to specifically identify what in the record was inconsistent with Dr. Doncaster's opinion. ECF No. 11 at 6, AR 38-39. Defendants assert that ALJs must evaluate medical opinions for their consistency, and there was "simply no evidence supporting any of the doctor's assessed mental limitations." ECF No. 18 at 3.

The Court finds that the ALJ erred in affording little weight to Dr. Doncaster's conclusion that Plaintiff was limited to simple instructions. It is not inconsistent to be able maintain good eye contact, speak articulately, drive to one's appointment, and not take any psychotropic medications—all which Dr. Doncaster noted in Plaintiff's examination—and also suffer mental

impairments that prevents one from sustained employment. AR 475-78. The ALJ states that but for the finding that Plaintiff is only able to carry out simple instructions, "great weight is given to the remainder of Dr. Doncaster's opinion." AR 39. Upon reviewing Dr. Doncaster's mental status report, the Court finds that the remainder of her report supports the conclusion the ALJ put little weight on the finding that Plaintiff would be able to carry out simple instructions, but not complex instructions on a sustained basis. AR 475-78. While finding that Plaintiff can do simple math and has a general base of knowledge, Dr. Doncaster also diagnoses Plaintiff with an unspecified depressive disorder and states, "It is important to note that she looked visibly tired at the end of the assessment," and "Samantha appears to tire after focusing and concentrating for about an hour." AR at 475, 477-78. Dr. Doncaster's conclusion that Plaintiff is only able to carry out limited instructions is not inconsistent with Dr. Doncaster's other findings.

The Court finds that this error is not harmless. Dr. Doncaster's opinion about Plaintiff's ability to carry out instructions on a sustained basis contributes to step four of the sequential analysis and whether Plaintiff can perform skilled work. The jobs the ALJ found that Plaintiff could return to, such as office manager and retail administrative assistant, are described in the DOT as skilled jobs. AR 159-62. However, if Dr. Doncaster's opinion is properly considered, Plaintiff would be unable to perform these jobs. AR 42.

*2. Treating Physician Dr. James Gabroy*

Plaintiffs argue that the ALJ did not provide clear, convincing, specific, and legitimate reasons for giving Dr. Gabroy's opinion little weight. ECF No. 11 at 7. They further take issue with the ALJ's statement that "…the record revealed that the claimant's allegedly disabling impairment[s] were relatively well controlled with treatment," arguing that this conclusion does not fully capture the impairments' physical and mental effects. Id., AR 41. Defendants state that Dr. Gabroy's treatment records do not support his conclusion of an individual unable to sustain sedentary work activity. ECF No. 18 at 4. They also assert that Dr. Gabroy's records and other records, such as that of state agency physician Dr. Mayenne Karelitz, "consistently showed an individual whose symptoms and impairments are significantly helped and improved through treatment, such that the ALJ reasonably deemed Dr. Gabroy's disability opinion unjustified." Id.

at 5, AR 174-76.

The Court finds that the ALJ erred in affording treating physician Dr. Gabroy's opinion little weight. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). When reviewing the assignment of weight and resolution conflicts in medical testimony, the Ninth Circuit distinguishes the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; (3) neither treating nor examining physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The treating physician's opinion is generally entitled to more weight. Id.

If a treating physician's opinion or conclusion is not contradicted by another physician, "it may be rejected only for 'clear and convincing' reasons." Id. However, when the treating physician's opinion is contradicted by another physician, the Commissioner may reject it by "providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id.

A treating physician's opinion is still owed deference if contradicted and is often "entitled to the greatest weight . . . even when it does not meet the test for controlling weight." Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007). Because a treating physician has the greatest opportunity to observe and know the claimant as an individual, the ALJ should rely on the treating physician's opinion. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).

When a treating physician's opinion is not assigned controlling weight, the ALJ considers specific factors in determining the appropriate weight to assign the opinion. Orn, 495 F.3d at 631. The factors include the length of the treatment relationship and frequency of examination; the nature and extent of the treatment relationship; the amount and quality of evidence supporting the medical opinion; the medical opinion's consistency with the record as a whole; the specialty of the physician providing the opinion; and, other factors which support or contradict the opinion. Id.; 10 C.F.R § 404.1527(c). The ALJ must provide a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and [make] findings" rather than state mere conclusions for dismissing the opinion of a treating physician. Reddick v. Chater,

157 F.3d 715, 725 (9th Cir. 1998). The ALJ errs when he fails to explicitly reject a medical opinion, fails to provide specific and legitimate reasons for crediting one medical opinion over another, ignores or rejects an opinion by offering boilerplate language, or assigns too little weight to an opinion without explanation for why another opinion is more persuasive. Garrison, 759 F.3d at 1012–13.

Here, Dr. Gabroy is Plaintiff's treating physician, and as a general rule, his opinion is entitled to more weight than the opinions of other non-treating and non-examining doctors. Lester, 81 F.3d at 830. Even where a non-treating and non-examining doctor's opinion contradicts the opinion of a treating doctor, the treating doctor's opinion cannot be rejected absent "'specific and legitimate reasons' supported by substantial evidence in the record." Id. (quoting Murray, 722 F.2d at 502).

The Court finds that the ALJ did not provide specific and legitimate reasons for affording Dr. Gabroy's opinion little weight, especially where Dr. Gabroy presented specific evidence supporting his opinion. AR 41. First, according to Dr. Gabroy's testimony, Plaintiff's symptoms include fatigue, cognitive impairment, brain fog, and overstimulation that would result in an inability to concentrate for more than 2 total hours in an 8-hour day. AR 688. Dr. Gabroy also notes that Plaintiff would most likely be absent from work more than four days per month and take more than two unscheduled 15-20 minute breaks in an 8-hour day. Id. If Dr. Gabroy's opinion is taken with the appropriate weight afforded to a treating physician, it would establish that Plaintiff could not sustain employment given her need for repeated breaks and inability to concentrate more than a limited time for short bursts. This finding is only strengthened when considering Dr. Gabroy's opinion in conjunction with Dr. Doncaster's opinion.

Defendants assert Dr. Gabroy's treatment records show him regularly ordering monitoring and maintenance of Plaintiff's current medication which contradicts Dr. Gabroy's total disability opinion. ECF No. 18 at 4. Dr. Gabroy submitted a treating physician medical source statement regarding residual functional capacity, dated August 7, 2015 (AR 687-93), primary care records dated March 1, 2015 to April 8, 2016 (AR 809-17), and office treatment records dated July 9, 2015 to May 2, 2017 (AR 877-915). The ALJ did not specify the inconsistencies in Dr. Gabroy's

treatment records and his overall disability opinion. The Court's review of the longitudinal record reveals that Dr. Gabroy's orders to continue Plaintiff's medications for impairments like hypotension, coagulopathy, and Lyme disease is consistent with his treatment goal of controlling Plaintiff's symptoms. AR 877-84. If she did not take this treatment and follow Dr. Gabroy's recommendations, Plaintiff's symptoms would likely worsen. Therefore, the Court finds that the ALJ's reason to give little weight to Dr. Gabroy's opinion is not legitimate.

Third, Defendants claim that that Plaintiff's treatment helps her control her impairments and symptoms so well that Dr. Gabroy's disability opinion is unjustified. ECF No. 14 at 4. The Court finds that even though Plaintiff's impairments may be responding well to treatment, that is not a legitimate reason for the ALJ to give little weight to Dr. Gabroy's opinion about Plaintiff's overall ability to perform sustained work. Dr. Gabroy's treatment records show that even with treatment, Plaintiff still suffers from ailments like arrhythmia, muscular pain, and severe fatigue that impacts the analysis of whether Plaintiff can perform sustained work. AR 687-688, 879.

The Court thus finds that the error to give Dr. Gabroy's opinion little weight is not harmless. In his RFC statement, Dr. Gabroy opined that Plaintiff needs to take extra breaks, has limited ability to stand or walk for sustained periods of time, and would likely to be absent more than four days a month. AR 687-88. All of this is substantive evidence indicating inability to sustain competitive employment.

### b. Plaintiff & Lay Witness Testimony

#### 1. Plaintiff's Testimony

Plaintiff argues that it was improper for the ALJ to discredit Plaintiff's testimony because she testified to being able to complete some household activities. ECF No. 11 at 9-10. Further, Plaintiff says the ALJ erred by not providing specific reasons to discount Plaintiff's testimony due to alleged inconsistencies between her testimony and the medical record. Id. Defendant states the ALJ drew reasonable inferences from the medical records and Plaintiff's testimony, and that the described physical and mental findings and abilities are inconsistent with total disability. ECF No. 18 at 5-6.

As the ALJ did not find evidence of malingering, the ALJ may only reject Plaintiff's

testimony regarding the severity of her symptoms with specific, clear, and convincing reasons. Garrison, 759 F.3d at 1014–15. "The clear and convincing standard is the most demanding required in Social Security cases." Id. at 1015 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)). The ALJ must identify with specificity "what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996).

The Court finds that the ALJ's conclusion that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" does not overcome the "clear and convincing standard." AR 40. Therefore, it was and is not appropriate to disregard Plaintiff's testimony.

First, the ALJ's reasoning is not specific. The ALJ fails to explain what lack of abilities, and what clinical and laboratory abnormalities one would expect if Plaintiff were in fact totally disabled by Lyme disease, chronic fatigue syndrome, Epstein Barre Disease, Ehler Danlos syndrome, migraine headaches, and peripheral neuropathy. Further, the ALJ states that Plaintiff's medical records contradict her expressed symptoms in that the records do not support her claims of depression and anxiety. ECF No. 18 at 7. However, there are mental health notes from 2014 and 2015 in Plaintiff's records, such as that from Sabrina Santa Clara, a therapist at Oasis Counseling, that document Plaintiff's depression and anxiety. AR 616-23. On a March 3, 2015 visit, the therapist notes, "Client has a wide variety of medical and psychological symptoms related to the lymes disease. Anxiety and feelings of guilt predate lymes, but have intensified. Depressive symptoms new since lyme as is social anxiety (stores, being out of home), sleep disturbances." AR 618.

Moreover, Defendant's assertion that Plaintiff's complaints contradict medical evidence appears to be based on a misunderstanding of the nature of depression. "[D]epression is a complex and highly idiosyncratic phenomenon that often waxes and wanes, eluding neat description." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 605 (9th Cir. 1999). It is not the type of disorder that can be diagnosed by a laboratory test. The Court thus finds that the ALJ's statements

as to why it is appropriate to disregard Plaintiff's testimony is not clear and convincing given the record in this case.

The ALJ also did not give a clear or convincing reason for finding that Plaintiff's self-reported abilities to perform tasks such as feeding her pets or folding the laundry contradict her alleged limitations to sustain full-time employment. AR 52. "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment." Smolen v. Chater, 80 F.3d 1273, 1284 n.7 (9th Cir. 1999). See Garrison, 759 F.3d at 1016 ("[I]mpairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."). Plaintiff's testimony about how and how often she goes to the grocery store with her husband or prepares food in the microwave is consistent with her expressed limitations. AR 476. For example, in Plaintiff's testimony, she states that she implemented accommodations so she can perform household activities. She stated, "I have a chair in my kitchen, so if I get tired doing the dishes, I can sit down. I can't do a giant sink full of dishes….And I can go grocery shopping. Sometimes I use an electric cart, sometimes I don't. Depends on how much I'm getting—how far I have to walk. If I have to [get] produce and dairy, then I'm doing the car, 'cause it's the whole store." AR 155. Moreover, in her testimony, Plaintiff states that even with accommodations, she still struggles and experiences severe fatigue. For example, Plaintiff testified, "…once I do things, then it takes a long time for me to recuperate from activity. I have several hours a day in the middle of the day, starting at 2:00 in the afternoon, that I have to rest." AR 142. It was error for the ALJ to find that Plaintiff's ability to complete limited household activities contradicted her claim of disability.

The Court finds that this error is not harmless. Plaintiff testified at length about the severity of her symptoms, fatigue, and its impact on her ability to function. If Plaintiff's testimony were fully considered, this would have impacted the ALJ's analysis of Plaintiff's RFC.

*2. Lay Witness Testimony*

Plaintiff argues that the testimony from her husband, Christian Keen, was improperly given little weight when the ALJ found "the record as a whole did not support his opinion the

claimant was unable to perform any basic work activity." ECF No. 11 at 10-11, AR 42, 310-17. In a questionnaire, Mr. Keen described his situation as a "single parent caring for an invalid roommate" and that on good days, Plaintiff can do household chores like washing the dishes, but most of the time, he needs to assist and remind Plaintiff to do her day-to-day routines like taking her medication. AR 311, 314.

The Ninth Circuit held in Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993), that the ALJ must give germane reasons in order to discount a lay witness' testimony, particularly if the witness sees the claimant on a daily basis. Here, the ALJ fails to give any specific or legitimate reason for affording the Plaintiff's husband's opinion little weight.  AR 42.

The Court finds that this error is not harmless. Mr. Keen's description of Plaintiff's conditions and abilities are consistent with Plaintiff's testimony about the support she receives at home (in her testimony, Plaintiff says that she and her husband take care of her daughter, and her brother-in-law moved in to help, AR 139), and the review of symptoms expressed in various medical reports (Dr. Lithfeild's endocrinology report, AR 1486-87; Dr. Mardarch's consult, AR 1494-1496). If Mr. Keen's testimony were credited, Plaintiff would necessarily be found disabled.

### c. Vocational Expert

Plaintiff argues the Vocational Expert's (VE) testimony that Plaintiff can perform occupations identified by the ALJ is not based on substantial evidence. ECF No. 11 at 11. Plaintiff states that when the ALJ posed his hypothetical question about the occupations to the expert, the ALJ omitted information from Plaintiff's and Mr. Keen's testimony, and the relevant opinions of medical doctors like Dr. Doncaster. Id. Defendants assert that the ALJ included all limitations properly established by the record. ECF No. 18 at 8.

At the hearing, the ALJ identified several jobs that the Plaintiff had previously, such as office manager and administrative assistant. AR 159. The ALJ then asks, "Individual could lift ten pounds occasionally, five pounds frequently; stand and walk up to two in eight; sit up to six in eight; no climbing of ladders, ropes and scaffolds, occasional postural, except for, of course, no work at heights or around dangerous moving machinery. Given these limitations, could such an individual perform any of the jobs in the claimant's past relevant work?" AR 159-60. The VE

1    replied that the individual could do all the jobs, with the exception of the manager, because they
2    were considered sedentary. Id. at 160.

3      The Court finds that the ALJ erred in omitting relevant information about Plaintiff's
4    limitations when asking this question. In Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988), the
5    Ninth Circuit stated that hypothetical questions posed to the vocational expert must set out all the
6    limitations and restrictions of the claimant.

7      First, even disregarding the information the ALJ rejected or placed little weight on that the
8    Court discussed as erroneous above, the ALJ still did not include all the Plaintiff's limitations such
9    as her mental health and chronic fatigue that doctors, such as Dr. Dhaval Shah, noted in their
10   records. AR 509-21, 578-89. Second, the Court finds that the information that the ALJ rejected or
11   placed little weight is not harmless in Plaintiff's case and should also have been provided to the
12   vocational expert. As such, the Court also finds this error is not harmless.  Because the ALJ did
13   not fully set out Plaintiff's limitations and restrictions, the VE was unable to take that information
14   into account when answering the ALJ's hypothetical about whether Plaintiff could perform the
15   occupations listed. Therefore, the ALJ's decision that Plaintiff can perform her previous
16   occupations is not based on substantial evidence.

### d. Remand for Benefits

18     The Ninth Circuit has established that where no outstanding issues need be resolved, and
19   where the ALJ would be required to award benefits on the basis of the record if the improperly
20   discredited evidence were credited as true, the Court will remand for an award of benefits. See
21   Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1401 (9th Cir. 1988).  The Circuit has
22   devised a three-part credit-as-true standard, each part of which must be satisfied for a court to
23   remand to an ALJ with instructions to calculate and award benefits:

24    (1) the record has been fully developed and further administrative proceedings
25    would serve no useful purpose;
26    (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence,
27    whether claimant testimony or medical opinion; and
28    (3) if the improperly discredited evidence were credited as true, the ALJ would be

11

required to find the claimant disabled on remand.

<u>Garrison</u>, 759 F.3d at 1020 (9th Cir. 2014).

First, the Court finds that the record has been fully developed and that further administrative proceedings would serve no useful purpose. Second, for the reasons discussed above, the ALJ failed to provide legally sufficient reasons to reject or put little weight on the opinions of Dr. Doncaster and Dr. Gabroy, and the testimony of the Plaintiff and the lay witness. Plaintiff testified that she is unable to walk more than about 15 minutes, regularly needs to rest at 2:00 p.m. in the afternoon, and that she is unable to leave the house or do chores for several days if she overexerts himself. AR 148, 154, 156. The discredited medical opinions further establish that Plaintiff would be unable to complete skilled or unskilled tasks without taking so many breaks and requiring such rest that she could not sustain any form of employment. It is evident that if all the improperly discredited and minimized testimony were properly considered, the ALJ would be required to find Plaintiff disabled on remand. The Court therefore finds that Plaintiff's limitations as supported by substantial evidence preclude all work.

## V.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Samantha Keen's Motion for Remand (ECF No. 11) is GRANTED and Defendant's Nancy A. Berryhill's Cross-Motion to Affirm (ECF No. 18) is DENIED.

**IT IS FURTHER ORDERED** that this matter is remanded to Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, for an award of benefits.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Plaintiff, and against Defendant. The Clerk of Court is instructed to close the case.

**DATED**: <u>November 9, 2020</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**